RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Joseph Pilgrim, | No. CV 05-1845-PHX-DGC (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Correctional Services Corporation, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's "Motion To Quash Warrants And Any Fines, Fees Or Assessments, Or In The Alternative, Sentence In Absentia, To A Concurrent Term" (Doc. #44), which the Court will deny.

**I.  Procedural Background**

On June 17, 2005, Plaintiff Robert Joseph Pilgrim, who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). Plaintiff did not pay the $250.00 civil action filing fee but filed an uncertified Application to Proceed *In Forma Pauperis*.

By Order filed June 29, 2005 (Doc. #3) the Court denied the Application to Proceed *In Forma Pauperis* without prejudice and gave Plaintiff 30 days to pay the filing fee or file a new Application to Proceed *In Forma Pauperis* and a six-month trust fund account statement. On July 14, 2005, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. #5), which the Court granted by order filed February 24, 2006 (Doc. #32).

The Court's February 24, 2006 Order (Doc. #32) also denied all pending motions as

moot and dismissed the Complaint and this action for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Judgment was entered on February 24, 2006 (Doc. #34), over two years ago.

By separate Order filed February 24, 2006 (Doc. #31), the Maricopa County Sheriff or his designee was required to send to the Clerk of Court payments from Plaintiff's trust account each time the amount in the account exceeds $10.00, until the statutory filing fee of $250.00 was paid in full.

On May 7, 2008, Plaintiff filed a "Motion For Joinder" (Doc. # 37) in this closed case. On May 22, 2008, this action was reassigned by Minute Order from Judge Frederick J. Martone to the undersigned Judge and referred to United States Magistrate Judge Michelle H. Burns. By order filed May 28, 2008 (Doc. #42), the Court denied Plaintiff's "Motion For Joinder" (Doc. # 37).

On May 7, 2008, Plaintiff filed a Notice of Appeal (Doc. #38). On August 25, 2008, the Mandate of the Ninth Circuit Court of Appeals, dismissing Plaintiff's appeal for lack of jurisdiction, was filed in this Court (Doc. #43).

**II.    Motion to Quash Warrants, Fines, Fees or Assessments or Sentence**

On November 21, 2008, Plaintiff filed his "Motion To Quash Warrants And Any Fines, Fees Or Assessments, Or In The Alternative, Sentence In Absentia, To A Concurrent Term" (Doc. #44). Attached to the Motion is a list of 16 cases, including this case, which were filed in this Court by Plaintiff. Of these, 13 cases, including this case, were filed in 2005, one in 2006, and two in 2008. One of the 14 cases, Pilgrim v. State of Arizona, et al., CV 05-3606-PHX-FJM (VAM), was a habeas corpus action brought pursuant to 28 U.S.C. § 2254. The other 15 listed cases were civil rights actions brought pursuant to 42 U.S.C. § 1983. Both of Plaintiff's cases filed in 2008 were dismissed under the "three strikes" provision of 28 U.S.C. § 1915(g). None of the cases were criminal actions. Because none of Plaintiff's cases were criminal actions, Plaintiff's request in his motion to quash is inappropriate, as is his request to be sentenced in absentia.

With regard to Plaintiff's outstanding filing fees for his civil cases, the Court notes

1  that 28 U.S.C. § 1915, which governs *in forma pauperis* applications, does not provide any
2  authority or mechanism for the Court to excuse Plaintiff from having to pay filing fees. It
3  is clear that in amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation
4  Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress
5  intended to provide financial disincentives for prisoners who insisted on filing numerous,
6  meritless lawsuits *in forma pauperis*. See Lyon v. Krol, 127 F.3d 763, 764 (8th Cir.1997)
7  ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner
8  litigation by instituting economic costs for prisoners wishing to file civil claims. See, e.g.,
9  H.R. Conf. Rep. No. 104-378, at 166-67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept.
10 29, 1995) (statement of Sen. Dole)").

> Requiring prisoners to make economic decisions about filing lawsuits . . . merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system. If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, "he has demonstrated an implied evaluation of that suit" that the courts should be entitled to honor.

16 Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997) (citation omitted).
17         Under the strictures of 28 U.S.C. § 1915, as amended by the PLRA, Plaintiff must
18 now endure the financial consequences of his decision to file numerous civil actions.
19 Plaintiff's motion will be denied. Because this case has been closed for well over two years,
20 the Court will require that Plaintiff not file any further pleadings in this case.
21 **IT IS ORDERED:**
22         (1)   Plaintiff's "Motion To Quash Warrants And Any Fines, Fees Or Assessments,
23 Or In The Alternative, Sentence In Absentia, To A Concurrent Term" (Doc. #44) is **denied**.
24         (2)   Plaintiff **is prohibited** from filing any further pleadings in this closed case.
25         DATED this 9th day of December, 2008.

*David G. Campbell*
———————————————————
David G. Campbell
United States District Judge